LOGAN BAKER

*v.*

STATE OF ILLINOIS.

*Opinion filed September 11, 1922.*

RESPONDEAT SUPERIOR—*doctrine not applicable to State.* The State is not liable for injuries sustained by its employees while in the discharge of their duty.

WORKMAN'S COMPENSATION ACT—*not applicable to the State.* The provisions of the Workman's Compensation Act are not binding upon the State, it having never elected to pay compensation under said Act.

NON-LIABILITY OF STATE—*not liable for acts of an independent agency.* Where claimant is injured by an independent agency not connected in any way with the State, or its institutions, no liability can arise against the State for such injuries.

Edward J. Brundage, Attorney General, for State.

The claimant, Logan Baker, was on December 7th, 1920, an inspector in the Division of Game and Fish of the State of Illinois, at a salary of one hundred and fifty dollars ($150.00) per month.

On that date, while traveling by train from Pittsfield, Illinois, to Meredosia, Illinois, and when leaving the train at Bluffs, Illinois, to change cars, he caught the third finger of his right hand in the door of the car and had about one-half an inch of the end of his finger cut off.

The evidence shows that claimant was standing at the door, with his hand up against the door jam, when the door, which had been open, was by a sudden stopping or jerking of the train suddenly and forcibly closed. Claimant received prompt medical treatment for this injury. A portion of the finger was amputated with some of the bone. Claimant paid out for surgical and medical aid the sum of thirty-eight dollars ($38.00); was wholly disabled for five (5) weeks, but received his salary during that time.

Claimant states that he is permanently disabled and asks for an award in accordance with the Workman's Compensation Law of this State.

As has been held in many decisions of this Court, the State is not liable for injuries received by its employees in the course of their employment. While the allowance provided for in the Workmen's Compensation Act have to some extent been followed by this Court in making recommendations as a matter of social justice where no legal liability existed, yet this Court has held that the Workmen's Compensation Act does not apply to the State, and that the provisions of said Act are

not binding in any way upon the State. The State has never elected to pay compensation under said Act.

Under the facts in this case, we do not believe that the injuries received by claimant were sustained in the course of his employment. He was a passenger on this train, going from Pittsfield to Meredosia to perform certain duties in the line of his employment at the latter place. The injuries received by him were received from an independent agency and not from anyone in any way connected with the State, and the State is not liable in any way to claimant, and the claim is therefore rejected.

However, as an act of social justice and equity, we recommend to the Legislature that if it sees fit, it allow claimant the sum of three hundred dollars ($300.00).